Pearson, C„ J.
 

 The defendant Murray, who sold the land as sheriff on the 19i/i
 
 November,
 
 1866, made return on the several writs of
 
 venditioni exponas
 
 sued out by the plaintiffs and which came to his hands on the 20th of November, 1866, “To hand too late to sell,” and allowed the defendant Boyd, who purchased the land at the price oí $5,000, after paying off the
 
 venditioni exponas
 
 under which it was sold, to retain the balance of the purchase money, to be applied to the discharge of certain debts set out in a deed of trust executed by Watson the debtor to defendant Boyd in July, 1866, taking a bond of indemnity. The bill seeks to
 
 follow this fund
 
 and have it applied to the discharge of the debts due the plaintiffs respectively, for which the writs of
 
 venditioni exponas
 
 had issued to complete levies made on writs of
 
 fieri facias
 
 in 1861, on the ground of the fraud and collusion between the sheriff and the other defendants in the misapplication of the fund, the sheriff being one of the creditors secured in the deed of trust and taking indemnity.
 

 The defendants object, in the first place, that the plaintiffs have mistaken their remedy, which was by
 
 rule
 
 in a court of law to compel the sheriff to bring in the money.
 

 This remedy is cut off by the return of the sheriff, “ To hand too late to sell,” which would be a full answer to the rule and drive the plaintiffs to their actions for a
 
 false return.
 

 It is settled that when an officer misapplies the fund, it may be followed in a court of equity and subjected to the discharge of the demands to which it was properly applicable.
 
 Bunting
 
 v.
 
 Ricks,
 
 2 Dev. & Bat. Eq. 130.
 

 , It is objected, in the second place, the judgments on
 
 *241
 
 •which, the writs of
 
 venditioni exponas
 
 issued were dormant, and such writs ought not to have issued without notice to the defendant in the judgments. These writs were not void, and could only be avoided at the instance of the party against whom they issued; and the sheriff was bound to obey them.
 
 Dawson
 
 v. Shepard, 4 Dev. 497;
 
 Oxley
 
 v.
 
 Mizle,
 
 3 Mur. 250. It is held in
 
 Smith
 
 v.
 
 Spencer,
 
 3 Ire. 256, that notice to the debtor is not necessary. We are not called upon in this case to say whether that decision will be followed or not; for this is no application of the
 
 debtor
 
 to set aside the writs; and, at all events, there is nothing to defeat the lien created by the levy, by which the land was taken in
 
 custodia legis
 
 and set apart for the satisfaction of the judgments.
 

 It is objected, in the third place, that under the ordinance of the Convention of 1866, 5th section, the writs of
 
 venditioni exponas
 
 were void and issued against law. That question is fully discussed
 
 (Mardre
 
 v.
 
 Felton)
 
 at this term; and it is held that the ordinance does not apply to writs of
 
 venditioni exponas,
 
 and is confined to the ordinary writs of execution when there has not been a levy.
 

 The plaintiffs are entitled to the relief prayed for.
 

 Per Curiam.
 

 Decree for the plaintiffs.